UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------
EUGENE SCALIA, Secretary of Labor,   :          :
United States Department of Labor,               : **COMPLAINT**
                                                 :
            Plaintiff,
        v.                                       : Civil Action No.

                                                 : 19-cv-
LA NUEVA COLMENA GROCERY CORP.,
DONALD BAEZ and ANTHONY BAEZ                     :
            Defendants.
                                                 :
------------------------------------------------------------------
                                                 :

## **INTRODUCTION**

1.       Plaintiff, EUGENE SCALIA, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("the Act" or "the FLSA"), alleging that Defendants violated Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act to recover back wages, liquidated damages, and to enjoin acts and practices which violate the provisions of the FLSA, and to obtain other appropriate relief.

2.       As set forth below, Defendants have denied their employees proper minimum and overtime wages, failed to keep records as required by the act, and interfered with the Secretary's investigation. Defendants' employees regularly worked in excess of 60 hours per week and sometimes more as cashiers, floor clerks, inventory clerks, cooks, dishwashers, and deli attendants for flat weekly wages that brought their hourly pay below the statutorily required minimum. Defendants also failed to pay employees overtime premiums for hours worked in excess of 40 per week. Moreover, Defendants failed to keep accurate records of hours worked and overtime

premium pay rates as required by the Act and instead altered and fabricated time cards to conceal violations and feign compliance. Similarly, Defendants attempted to interfere with the Secretary's investigation by instructing employees to lie to investigators.

## JURISDICTION AND VENUE

3. Jurisdiction over this action is properly conferred upon this Court by Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in the United States District Court for the Southern District of New York because a substantial part of the events or omissions giving rise to the claims herein occurred in this District, specifically in Westchester County.

## FACTUAL ALLEGATIONS

### The Parties

5. Plaintiff, EUGENE SCALIA, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages, and is the proper plaintiff for this action.

6. Defendant LA NUEVA COLMENA GROCERY CORP. ("La Colmena") is a corporation organized under the laws of the State of New York, having its registered office and principal place of business at 94 West Post Road, White Plains, NY 10606, within the jurisdiction of the court, where it is engaged in the business of selling groceries and other food items.

7. La Colmena has regulated the employment of all persons employed by it, acted directly and indirectly in the company's interest in relation to the employees, and thus is an "employer" of the employees within the meaning of Section 3(d) of the Act.

8. Defendant DONALD BAEZ is in active control and management of the corporate defendant. Defendant DONALD BAEZ has authority to and does hire, fire, supervise, discipline,

and set the hours and compensation of employees, and otherwise has acted directly and indirectly in the interest of the corporate defendant in relation to the employees during the relevant time period, and is thus an employer of the employees within the meaning of Section 3(d) of the Act.

9.      Defendant ANTHONY BAEZ is in active control and management of the corporate defendant. Upon information and belief, defendant ANTHONY BAEZ has authority to and does hire, fire, supervise, discipline, and set the hours and compensation of employees, and otherwise has acted directly and indirectly in the interest of the corporate defendant in relation to the employees during the relevant time period, and is thus an employer of the employees within the meaning of Section 3(d) of the Act.

10.     Upon information and belief, La Colmena is owned in part by Susan Baez.

11.     Upon information and belief, Susan Baez is the wife of Defendant Donald Baez and the mother of Defendant Anthony Baez.

**Defendant La Colmena is an Enterprise Engaged in Commerce**

12.     Defendants operate a grocery store and deli located at 94 West Post Road, White Plains, NY 10606.

13.     Defendants employ employees to work as cashiers, floor clerks, inventory clerks, cooks and deli attendants.

14.     During the period from May 23, 2016 until at least August 19, 2018, and possibly to the present ("the relevant period"), Defendants have employed and are employing employees at their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or

materials that have been moved in or produced for commerce. These goods include but are not limited to locally and internationally sourced food and beverage products.

15. During the relevant period, the enterprise had an annual gross volume of sales made or business done of at least $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

### Tolling Agreement

16. On or about July 26, 2019, Defendants and the Secretary knowingly and voluntarily entered into a Statute of Limitations Tolling Agreement ("tolling agreement") which tolls the applicable statute of limitations from May 23, 2019 through September 20, 2019.

### Defendants' Pay Practices

17. At all times relevant to this Complaint, many La Colmena employees regularly worked in excess of 60 hours and sometimes for as many as 91 hours per week at the grocery store.

18. Despite these long hours, Defendants typically paid employees a fixed weekly wage of between $500 and $700.

19. For example, for a number of weeks, one employee worked approximately 84 hours per week for a flat rate of $560 per week, which resulted in an effective wage of $6.67 per hour.

20. Another employee routinely worked approximately 72 hours per week for a fixed rate of $500 per week and no overtime premium, which resulted in an effective wage of $6.94 per hour.

21. As another example, an employee worked approximately 84 hours per week for a fixed weekly wage of $650 and no overtime premium, which resulted in an effective wage of $7.74 per hour.

22. Defendants likewise regularly failed to pay employees overtime premiums for hours worked in excess of 40 per week.

23. Defendants also made improper deductions from some employees' weekly pay, bringing those workers' wages even further below the minimum wage required by the Act in violation of 29 C.F.R. § 531.35.

### Defendants' Unlawful Recordkeeping Policies and Practices

24. Defendants failed to make, keep, and preserve required records. During the relevant period, Defendants did not make, keep, and preserve accurate records of their employees' hours worked or rates of pay as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

### Defendants' Actions Were Willful

25. Defendants' actions as described herein have been willful.

26. Defendant La Colmena was previously investigated three times by the Secretary in March 2016, December 2016, and May 2018, and each investigation revealed minimum wage, overtime, and recordkeeping violations.

27. After each previous investigation, Defendants paid the back wages owed and appeared to come into compliance briefly, only quickly to revert to the same unlawful practices.

28. Further, Defendants attempted to conceal their unlawful practices by changing or creating false time records.

29. Defendants also interfered with the Secretary's investigation by instructing employees to lie to investigators.

### **FIRST CAUSE OF ACTION**

### **Violation of Sections 6 and 15(a)(2) of the Act, Failure to Pay Minimum Wage**

30. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 29 of the Complaint.

31. Defendants willfully and repeatedly have violated the provisions of sections 6 and 15(a)(2) of the Act by paying employees listed on the attached Exhibit A employed in an enterprise engaged in commerce or in the production of goods for commerce at rates less than the applicable statutory minimum wage prescribed in section 6 of the Act. Specifically, Defendants paid employees a flat weekly rate, in cash, regardless of how many hours they worked, bringing their hourly wages below the statutory minimum. Therefore, Defendants are liable for any unpaid minimum wages and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid minimum wages and prejudgment interest on said unpaid minimum wages under section 17 of the Act.

## SECOND CAUSE OF ACTION

**Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime**

32. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 through 31 of the Complaint.

33. Defendants willfully and repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act by employing employees, listed on the attached Exhibit A, engaged in commerce or in the production of goods for commerce for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

34. Specifically, Defendants did not pay overtime premiums to employees who worked in excess of 40 hours per week.

35. Therefore, Defendants are liable for unpaid overtime premiums and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime premiums and prejudgment interest on said unpaid overtime premiums under section 17 of the Act.

### THIRD CAUSE OF ACTION

### Violation of Sections 11(c) and 15(a)(5) of the FLSA

36. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 through 35 of the Complaint

37. Defendants willfully and repeatedly have violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that these Defendants failed to make, keep, and preserve accurate records of their employees and of the wages, hours, and other conditions of employment which they were required to maintain as prescribed by the Regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendants failed to accurately record, *inter alia*, their employees' actual daily and weekly hours of work and overtime rates of pay.

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendants providing the following relief:

1. An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concern or participation with Defendants, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act;

2.      An order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime premiums found due Defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional back wage compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or

3.      In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

4.      An order compelling Defendants to reimburse the Secretary for the costs of this action; and

5.      An order granting such other relief as the Court may deem necessary or appropriate.

DATED:     October 10, 2019
           New York, New York

                                       s/Kate S. O'Scannlain
                                       KATE S. O'SCANNLAIN
                                       Solicitor of Labor

                                       s/ Jeffrey S. Rogoff
                                       JEFFREY S. ROGOFF
                                       Regional Solicitor

                                       s/Ndidi N. Menkiti
                                       NDIDI N. MENKITI
                                       Trial Attorney

                                       s/Orly S. Godfrey
                                       ORLY S. GODFREY
                                       Trial Attorney

                                       U.S. Department of Labor
                                       Office of the Regional Solicitor
                                       201 Varick Street, Room 983
                                       New York, NY 10014
                                       (646) 264-3676;
                                       menkiti.ndidi.n@dol.gov
                                       NY-SOL-ECF@dol.gov

                                       *Attorneys for Plaintiff*

# EXHIBIT A

| 1  | Consegura Mercado, Pedro      |
|----|-------------------------------|
| 2  | Encarnacion Castillo, Reynaldo |
| 3  | Encarnacion Sosa, Dior Angel  |
| 4  | Hernandez, Roberto            |
| 5  | Lopez, Sandra                 |
| 6  | Melendez, Sonia               |
| 7  | Ortiz, Jhonni                 |
| 8  | Paez, Dianellys               |
| 9  | Penichet Martinez, Edixon     |
| 10 | Santos, Edgar Amilcar         |
| 11 | Segura, Guillermo             |
| 12 | Soto, Ibrahim                 |