UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor, | : **CONSENT JUDGMENT** |
| Plaintiff, | : |
| v. | : Civil Action No. |
| | : 19-cv- |
| LA NUEVA COLMENA GROCERY CORP., DONALD BAEZ and ANTHONY BAEZ | : |
| Defendants. | : |
| | : |
| | : |

---

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor ("Secretary"), has filed his Complaint and defendants La Nueva Colmena Grocery Corp., Donald Baez, and Anthony Baez (collectively, "Defendants") have appeared by counsel and agree to the entry of this Consent Judgment in full settlement of the claims which have been made in this action. Defendants acknowledge that they have notice of, and understand, the provisions of this Consent Judgment, acknowledge their responsibilities pursuant to this Consent Judgment, and acknowledge that they will be subject to sanctions in contempt of this Court if they fail to comply with the provisions of this Consent Judgment. By executing this Consent Judgment, Defendants waive formal service of the summons and complaint.

Defendants acknowledge that they violated sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) (the "Act" or "FLSA") by failing to pay their employees minimum and overtime wages and failing to make, keep, and preserve adequate and accurate records.

Defendants agree that they are a covered enterprise under sections 3(r) and 3(s) of the Act and that the provisions of the Act apply to them.

Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Consent Judgment and that this Court is the most appropriate venue for any enforcement action that may be required as a result of this Consent Judgment.

It is, therefore, upon motion of the attorneys for the Secretary and for good cause shown, ORDERED that:

I. Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them be and hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act in any of the following manners:

(1) Defendants shall not, contrary to section 6 of the Act, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under sections 6 and 15(a)(2) of the Act.

(2) Defendants shall not, contrary to section 7 of the Act, employ any of their employees for workweeks longer than the hours now, or which in the future become, applicable under sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(3) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment.

Defendants shall make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, such records of employees and of the wages, hours, and other conditions and practices of employment, as prescribed by regulations issued pursuant to sections 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

(4) Defendants shall not discharge, blacklist, demote, suspend, threaten, harass, intimidate, or in any other manner discriminate or retaliate against an employee, including soliciting the repayment of compensation paid to an employee pursuant to this Judgment, because the employee engages in or is believed to have engaged in any of the following activities:

a. Discloses, protests, or threatens to disclose or protest, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship; or

c. Objects to, or refuses to participate in any activity, policy or practice that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

II. Upon the parties' agreement that unpaid minimum wage and overtime back wages

are owed and shall be paid to Defendants' employees in the total of $120,000, plus an equal additional total amount of liquidated damages of $120,000, for a total amount of $240,000, plus post-judgment interest, as well as $15,000 in civil money penalties pursuant to 29 U.S.C. § 216(e), it is: ORDERED that Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of $120,000 in unpaid minimum and overtime back wages. Further, Defendants shall pay a total of $120,000 in liquidated damages and $15,000 in civil money penalties, plus post-judgment interest. These payments shall be made by Defendants in accordance with Paragraph III below.

      III.      The provisions of this Consent Judgment relative to back wage payments and liquidated damages shall be deemed satisfied when Defendants fully comply with the terms of payment set forth below and in Exhibit B. Payment of monies owed shall be made beginning with a down payment of $60,000 made by October 14, 2019. The remaining balance of $195,000 shall be made in five installment payments.

      The first installment payment of $44,943.79 plus $150 post-judgment interest shall be made by November 7, 2019. The second installment payment of $44,981.24 plus $112.55 post-judgment interest shall be made by December 9, 2017. The third installment payment of $45,018.73 plus $75.06 post-judgment interest shall be made by January 7, 2020. The fourth installment payment of $45,056.24 plus $37.55 post-judgment interest shall be made by February 7, 2020. The fifth installment payment of $15,000 shall be made on February 17, 2020.

      Defendants shall deliver these six payments, totaling $255,000, plus $375.16 in post-judgment interest, either electronically via www.pay.gov or by cashier or certified check or money order.

      a. For electronic payments, Defendants shall follow the following instructions:

    i. To pay back wages and liquidated damages, go to https://pay.gov/public/form/start/77689032 or go to http://www.pay.gov/ and search for WHDBWNE.

        1. Click on "Continue the Form" and complete the required fields.

        2. For "BW Case Number" enter "1859744." The "Date of Assessment" is the date each payment is due.

    ii. To pay civil money penalties, go to https://www.pay.gov/public/form/start/77734139 or go to http://www.pay.gov/ and search for WHDCMPNE.

        1. Click on "Continue the Form" and complete the required fields.

        2. For "CMP Case Number" enter "1859744." The "Date of Assessment" is the date each payment is due.

b. In the alternative, Defendants may make the payments totaling $255,000, plus $375.16 in post-judgment interest, by:

    i. Delivering cashier or certified checks or money orders on or before the above payment dates made payable to "Wage and Hour Division - Labor" with delivery tracking information to:

        U.S. Department of Labor/Wage & Hour Division
        The Curtis Center, Suite 850 West
        170 S. Independence Mall West
        Philadelphia, PA 19106-3317
        Attn: Linda Estacio, Deputy Director of Operations

"Case No. 1859744" must be written on the face of the checks or money orders.

    ii. A copy of the checks or money orders and cover letters shall be simultaneously sent to:

       Denise Fernandez, Assistant District Director
       U.S. Department of Labor, WHD White Plains New York Area Office
       140 Grand Street, Suite 304
       White Plains, NY 10601

IV.    The Secretary shall distribute Defendants' payment less any legal deductions to the former and current employees, or to their estates, as set forth in Exhibit A. Any amounts of unpaid compensation and liquidated damages not distributed within a period of three years from the date of receipt shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts. Defendants remain responsible for paying the employers' share of any applicable taxes to the appropriate state and federal revenue authorities.

V.    Defendants shall provide to the Secretary the social security number, if such is available, and the last known addresses and telephone numbers of each former or current employee listed in Exhibit A within 20 days of the date of execution of this Consent Judgment.

VI.    Neither Defendants nor any one acting on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment. Defendants, and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against any employee because of his or her receipt of funds due under the provisions of this Consent Judgment or the Act. Violation of this Paragraph may subject Defendants to equitable and legal damages, including coercive damages and civil contempt.

VII.    Defendants shall make and maintain records of their employees' total hours worked each workday and total hours worked each workweek; total daily and weekly straight time earnings or wages due for hours worked during the workday or work week, exclusive of premium overtime compensation; total premium pay for overtime hours; and total wages paid, regardless of the form of compensation, in accordance with 29 C.F.R. § 516.2. Defendants shall maintain all payroll and time records for a period of not less than three years.

VIII. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of Defendants not listed in Exhibit A of this Consent Judgment, be they current or former employees, to file any action against Defendants under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Consent Judgment to file any action against Defendants under section 16(b) of the Act for any violations alleged to have occurred on or after May 22, 2019.

IX. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding

**SO ORDERED:**

DATED: _October 29_, 2019
New York, New York

_____
HONORABLE
UNITED STATES DISTRICT JUDGE

Defendants have appeared by the undersigned counsel and hereby consent to the entry of this Judgment.

LA NUEVA COLMENA GROCERY CORP.
BY:
_____
DONALD BAEZ, Officer

_____
DONALD BAEZ, Individually

_____
ANTHONY BAEZ, Individually

_____
Benjamin Sharav, Esq.
Law Office of VICTOR J. MOLINA
Attorney for Defendant(s)
930 Grand Concourse, Ste. 1A
Bronx, NY 10451
Tel.: (718) 401-1600

STATE OF           )
                   :SS:
COUNTY OF          )

On the __9__ day of __Oct__, 2019 before me came DONALD BAEZ, known and to me known, who, being by me duly sworn, did depose and say that he is a duly authorized representative of LA NUEVA COLMENA GROCERY CORP., described in and which executed the foregoing instrument, that he signed his name thereto by like order.

Victor J. Molina
Notary Public, State of New York
No.: 02MO6249338
Qualify in Bronx County
Commission Expires
Nov., 7th 20....19

_____
NOTARY PUBLIC

STATE OF           )
                   :SS:
COUNTY OF          )

On the __9__ day of __Oct__, 2019 before me came ANTHONY BAEZ, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

Victor J. Molina
Notary Public, State of New York
No.: 02MO6249338
Qualify in Bronx County
Commission Expires
Nov., 7th 20....19

_____
NOTARY PUBLIC

Exhibit A

| Name | Back Wages Due | Liquidated Damages Due | Total Due |
|---|---|---|---|
| Pedro Y. Consegura Mercado | $14,949.56 | $14,949.56 | $29,899.12 |
| Reynaldo A. Encarnacion Castillo | $14,949.56 | $14,949.56 | $29,899.12 |
| Dior Angel Encarnacion Sosa | $14,949.56 | $14,949.56 | $29,899.12 |
| Roberto Hernandez | $17,338.33 | $17,338.33 | $34,676.66 |
| Sandra Lopez | $1,977.39 | $1,977.39 | $3,954.78 |
| Sonia E. Melendez | $1,977.39 | $1,977.39 | $3,954.78 |
| Jhonni Ortiz | $17,345.95 | $17,345.95 | $34,691.90 |
| Dianellys M. Paez | $1,977.39 | $1,977.39 | $3,954.78 |
| Edixon Penichet Martinez | $1,856.92 | $1,856.92 | $3,713.84 |
| Edgar A. Santos | $17,345.95 | $17,345.95 | $34,691.90 |
| Guillermo Segura | $382.44 | $382.44 | $764.88 |
| Ibrahim Soto | $14,949.56 | $14,949.56 | $29,899.12 |
| | | | |
| Totals | $120,000 | $120,000 | $240,000 |

Exhibit B

| Payment No. | Date Due | Amount Due | Amount Type | Interest Due | Total Due |
|---|---|---|---|---|---|
| 1 | 10.14.2019 | $60,000 | Liquidated Damages | None | $60,000 |
| 2 | 11.7.2019 | $44,943.79 | Liquidated Damages | $150 | $45,093.79 |
| 3a | 12.9.2019 | $15,056.21 | Liquidated Damages | $112.55 | $45,093.79 |
| 3b |  | $29,925.03 | Back Wages |  |  |
| 4 | 1.7.2020 | $45,018.73 | Back Wages | $75.06 | $45,093.79 |
| 5 | 2.7.2020 | $45,056.24 | Back Wages | $37.55 | $45,093.79 |
| 6 | 2.17.2020 | $15,000 | Civil Money Penalties | None | $15,000 |
| **Totals** |  | **$255,000** |  | **$375.16** | **$255,375.16** |